SOL:MS
(06)02672

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor,        :
United States Department of Labor,
                                            :   Civil Action File
                    Plaintiff,                  No.
        v.                                  :
                                                **COMPLAINT**
                                            :
AZON EMPLOYEES RETIREMENT PLAN
                                            :

                                            :
                    Defendant.
-------------------------------------------------------------------

    1.    This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

### Jurisdiction, Parties and Venue

    2.    Jurisdiction over this action is conferred upon the Court by §502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1).

    3.    The Azon Employees Retirement Plan ("the Plan"), is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was sponsored by Azon Corporation, Inc. ("the Company"), an employer that employed employees covered by the Plan and the last known address was 701 Azon Road, Johnson City, New York 13790. This Plan has been without a trustee since about July 2002, when the Company ceased business operations.

4. Venue for this action lies in the Northern District of New York where the Plan was administered, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**Factual Allegations**

5. To the best of the Secretary's knowledge, information, and belief, James L. Donovan and Mark A. Rapp were the trustees of the Plan and were fiduciaries to the Plan with responsibilities for its day-to-day management and operation.

6. To the best of the Secretary's knowledge, information and belief, the Company has ceased business operations and James L. Donovan and Mark A. Rapp have not been discharging their responsibilities as Plan fiduciaries.

7. To the best of the Secretary's knowledge, information, and belief, the Company ceased business operations and James L. Donovan and Mark A. Rapp have stopped performing their fiduciary duties without ensuring the appointment of a fiduciary to oversee the distribution of the Plan's assets.

8. To the best of the Secretary's knowledge, information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

9. The Plan has not been formally terminated.

10. On information and belief, no one has been actively managing the Plan or its assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

11.     The custodian of funds is T. Rowe Price. To the best of the Secretary's knowledge, information, and belief, the assets of the Plan held by T. Rowe Price have a value of approximately $841,415.29 as of March, 2006, and $2,500 in a forfeiture account.

## Violations

12.     Because of the facts and circumstances set forth in Paragraphs 5-11, above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a); and ERISA § 403(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

13.     Because of the facts and circumstances set forth in Paragraph 5-11 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

## Prayer for Relief

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

A.      Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination.

B.  Provide such other relief as may be just and equitable.

Dated:  August /7, 2006
Albany, NewYork

Respectfully submitted,

*Howard M. Radzely*
HOWARD M. RADZELY
Solicitor of Labor

*Patricia M. Rodenhausen*
PATRICIA M. RODENHAUSEN
Regional Solicitor

*Marc Sheris*
MARC G. SHERIS
Attorney
Bar Roll No. 501621

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.: (212) 337-2581
FAX: (212) 337-2112
Email: Sheris.marc@dol.gov

4