**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ELAINE L. CHAO, Secretary of Labor, United**
**States Department of Labor,**

                              **Plaintiff,**

            **v.**                                    **3:06-CV-1006**
                                                         **(FJS/DEP)**

**AZON EMPLOYEES RETIREMENT PLAN,**

                              **Defendant.**
_____

**APPEARANCES**                          **OF COUNSEL**

**UNITED STATES DEPARTMENT**          **MARC G. SHERIS, ESQ.**
**OF LABOR**                          **PATRICIA M. RODENHAUSEN, ESQ.**
201 Verick Street, Room 983
New York, New York 10014
Attorneys for Plaintiff

**AZON EMPLOYEES RETIREMENT**         **NO APPEARANCE**
**FUND**

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiff's motion for a default judgment against Defendant

Employees Retirement Plan ("Defendant Plan") and for the appointment of an independent

fiduciary to Defendant Plan.


### II. BACKGROUND

Plaintiff filed her complaint in this action on August 21, 2006, seeking to enjoin acts and

practices that violate the provisions of Title I of Employee Retirement Income Security Act ("ERISA") and to obtain appropriate equitable relief to redress these violations and enforce the provisions of Title I pursuant to 29 U.S.C. § 1132(a)(5).  *See* Complaint at ¶ 1.

According to Plaintiff's complaint, Azon Corporation, Inc., the employer of the employees whom Defendant Plan covers, sponsored Defendant Plan.  *See id.* at ¶ 3.  Defendant Plan has been without a trustee since July 2002, when Azon Corporation ceased business operations.  *See id.*

James L. Donovan and Mark A. Rapp were the trustees of Defendant Plan and were fiduciaries to Defendant Plan with responsibilities for its day-to-day management and operation.  *See id.* at ¶ 5.  Since Azon Corporation ceased operations, however, Mr. Donovan and Mr. Rapp have not been discharging their responsibilities as Plan fiduciaries and have not ensured the appointment of a fiduciary to oversee the distribution of Defendant Plan's assets.  *See id.* at ¶¶ 6-7.  Since no individual or entity has taken fiduciary responsibility for the operation and administration of Defendant Plan and its assets, Defendant Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.  *See id.* at ¶ 8.  Moreover, Defendant Plan has not been terminated.  *See id.* at ¶ 9.  T. Rowe Price is the custodian of Defendant Plan's funds.  *See id.* at ¶ 11.  The funds that T. Rowe Price holds had a value of approximately $841,415.29 as of March 2006, and $2,500 in a forfeiture account.  *See id.*

Plaintiff alleges that, because Defendant Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as ERISA requires, there is no one other than the Court with the authority to appoint a new trustee.  *See* 29 U.S.C.

§§ 1102(a), 1103(a).  Moreover, Plaintiff states that, at this time, participants of Defendant Plan are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement or to draw them down upon retirement.  *See* Complaint at ¶ 13.  Finally, Plaintiff contends that, "[b]ecause the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA . . . 29 U.S.C. § 1102(b)(4)."  *See id.*

Pursuant to 29 U.S.C. § 1132(a)(5), Plaintiff seeks the appointment of an independent fiduciary to administer Defendant Plan and to effectuate the distribution of Defendant Plan's assets to the participants and beneficiaries and to terminate Defendant Plan.

Plaintiff served Defendant Plan on October 6, 2006, by means of waiver of service that Mr. Donovan, the last known Plan trustee, signed.  *See* Declaration of Marc G. Sheris, dated January 8, 2007, at ¶ 2.  Defendant has not answered or otherwise appeared in this action.  *See id.* at ¶ 4.  Plaintiff requested an Entry of Notice of Default on December 15, 2006, which the Clerk of the Court entered on December 20, 2006.  *See id.* at ¶ 5.  Plaintiff now requests that the Court enter a default judgment against Defendant Plan and appoint Jacqueline M. Carmichael as the independent fiduciary of Defendant Plan.[1]

### III. DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides that when a party fails to defend itself the Clerk of the Court shall enter that party's default.  *See* Fed. R. Civ. P. 55(a).  The plaintiff may then seek a default judgment.  *See* Fed. R. Civ. P. 55(b).

---

[1] Plaintiff submitted Ms. Carmichael's *curriculum vitae* for the Court's review.

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  However, the court cannot construe the damages alleged in the complaint as true.  *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted).  Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted).

Plaintiff alleges that, because Mr. Donovan and Mr. Rapp have ceased performing their fiduciary duties without ensuring the appointment of a fiduciary to control and manage the operation and administration of Defendant Plan, Defendant Plan exists in violation of 29 U.S.C. § 1102(a).

Section 1102(a) provides that

> (1) Every employee benefit plan shall be established and maintained pursuant to a written instrument.  Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan.

> (2) For purposes of this subchapter, the term "named fiduciary" means a fiduciary who is named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) by such an employer and such an employee organization acting jointly.

29 U.S.C. § 1102(a).

The well-pleaded facts establish that Mr. Donovan and Mr. Rapp were the trustees of Defendant Plan and that they have stopped performing their fiduciary duties without ensuring the appointment of a fiduciary to control and manage the operation and administration of Defendant

-4-

Plan.  Accordingly, the Court finds that Defendant Plan exists in violation of 29 U.S.C.

§ 1102(a).

Plaintiff also asserts that, because Defendant Plan has not had a trustee since Azon

Corporation, the sponsor of Defendant Plan, ceased operations in July 2002, Defendant Plan

exists in violation of 29 U.S.C. § 1103(a).

Section 1103(a) provides that,

> [e]xcept as provided in subsection (b) of this section, all
> assets of an employee benefit plan shall be held in trust by one or
> more trustees.  Such trustee or trustees shall be either named in the
> trust instrument or in the plan instrument as described in section
> 1102(a) of this title or appointed by a person who is a named
> fiduciary, and upon acceptance of being named or appointed, the
> trustee or trustees shall have exclusive authority and discretion to
> manage and control the assets of the plan, except to the extent that
> –

> (1) the plan expressly provides that the trustee or trustees
> are subject to the direction of a named fiduciary who is not a
> trustee, in which case the trustees shall be subject to proper
> directions of such fiduciary which are made in accordance with the
> terms of the plan and which are not contrary to this chapter, or

> (2) authority to manage, acquire, or dispose of assets of the
> plan is delegated to one or more investment managers pursuant to
> section 1102(c)(3) of this title.

29 U.S.C. § 1103(a).

The well-pleaded facts establish that Defendant Plan has had no trustee since Azon

Corporation ceased operations in July 2002.  Accordingly, the Court finds that Defendant Plan

exists in violation of 29 U.S.C. § 1103(a).

Moreover, Plaintiff alleges that, because only a trustee can specify the basis upon which

payments are made from Defendant Plan and Defendant Plan has no trustee, Defendant Plan

-5-

exists in violation of 29 U.S.C. § 1102(b)(4).  Section 1102(b)(4) provides that "[e]very

employee benefit plan shall – . . . (4) specify the basis on which payments are made to and from

the plan."  29 U.S.C. § 1102(b)(4).

The well-pleaded facts establish that Defendant Plan has had no trustee since Azon

Corporation ceased operations in July 2002 and, therefore, cannot specify the basis on which

payments are made from Defendant Plan.  Accordingly, the Court finds that Defendant Plan

exists in violation of 29 U.S.C. § 1102(b)(4).

Finally, pursuant to 29 U.S.C. § 1132(a)(5), the Secretary has standing to bring a civil

action "(A) to enjoin any act or practice which violates any provision of this subchapter or the

terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations

or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . ."  29 U.S.C.

§ 1132(a)(5).  "Appropriate equitable relief includes the appointment of independent plan . . .

fiduciaries to carry out the proper administration and management of benefit plans."  *Chao v.*

*Zoltrix Inc.*, No. C 07-00610, 2007 WL 2990429, *3 (N.D. Cal. Oct. 11, 2007) (citation omitted).

Since, as noted above, the well-pleaded facts establish that Defendant Plan exists in

violation of 29 U.S.C. §§ 1102(a), 1103(a), and 1102(b)(4), Plaintiff has standing to enjoin these

violations and to seek appropriate equitable relief, including the appointment of an independent

fiduciary.

Plaintiff requests that the Court appoint Jacqueline M. Carmichael of JM Pension

Advisory, Inc., 15807 Crabbs Branch Way, Unit B, Derwood, Maryland 20855, as the

Independent Fiduciary of Defendant Plan with the authority to administer the Plan and, if

necessary, implement its orderly termination.  *See* Proposed Order at ¶ 2.  Plaintiff also requests

that the Court authorize Ms. Carmichael, in the performance of her duties as Independent

Fiduciary, to "have and exercise full authority and control with respect to the management or

disposition of the assets of the Plan . . . [and to] collect, marshal, and administer all of the Plan's

assets, evaluate all claims outstanding against it, and pay the assets out to participants and other

creditors of the Plan; and take such further actions with respect to the Plan as may be

appropriate." *See id.* Having reviewed Ms. Carmichael's *curriculum vitae*, the Court finds that

she is qualified to serve as Independent Fiduciary to Defendant Fund.

In sum, because Plaintiff has standing to bring these claims, the well-pleaded allegations

in the complaint support her contention that Defendant Plan exists in violation of ERISA, and an

appropriate form of equitable relief is appointment of an independent fiduciary, the Court grants

Plaintiff's motion.


## IV. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable

law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for a default judgment against Defendant is

**GRANTED**; and the Court further

**ORDERS** that **Jacqueline M. Carmichael** is appointed as the Independent Fiduciary of

Defendant Plan with authority to administer Defendant Plan and, if necessary, implement its

orderly termination.  In performing her duties, Ms. Carmichael shall have and exercise full

authority and control with respect to the management or disposition of the assets of Defendant

Plan.  Ms. Carmichael shall collect, marshal, and administer all of Defendant Plan's assets,

evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of Defendant Plan; and take such further actions with respect to Defendant Plan as may be appropriate; and the Court further

**ORDERS** that Ms. Carmichael, as Independent Fiduciary, shall have all powers to do the things that are necessary and appropriate to administer and terminate Defendant Plan; and the Court further

**ORDERS** that Ms. Carmichael, as Independent Fiduciary, shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits.  In developing this plan, Ms. Carmichael shall consider the best interests of participants and beneficiaries of Defendant Plan and the resources expected to be available to Defendant Plan.  Ms. Carmichael shall not be bound by any current or historic procedures or policies of Defendant Plan which conflict with her duties under ERISA; and the Court further

**ORDERS** that Ms. Carmichael, as Independent Fiduciary, is empowered to require T. Rowe Price to deliver or otherwise make available to her any information, documents, files or other compilations, wherever and however stored, that are reasonably necessary to perform her duties under this Order; and the Court further

**ORDERS** that Ms. Carmichael, as Independent Fiduciary, is empowered to give instructions to T. Rowe Price respecting the disposition of assets of Defendant Plan that T. Rowe Price holds; and the Court further

**ORDERS** that Ms. Carmichael, as Independent Fiduciary, shall distribute or cause the distribution of the assets of Defendant Plan in accordance with applicable Plan documents and Federal law; and the Court further

**ORDERS** that, upon completing such distribution, Ms. Carmichael, as Independent Fiduciary, shall terminate Defendant Plan in accordance with applicable Plan documents, ERISA, and other applicable Federal law, 29 U.S.C. § 1001 *et seq.*; and the Court further

**ORDERS** that Ms. Carmichael, as Independent Fiduciary, shall be subject to the Orders of this Court.  Within **twenty (20) days** after the date of this Order, Ms. Carmichael shall submit to this Court for approval her schedule of anticipated fees and expenses for this matter with copies of her submissions to be sent to all parties to this matter; and the Court further

**ORDERS** that, in the performance of her duties, Ms. Carmichael, as Independent Fiduciary, may retain such assistance as she may reasonably require, including attorneys, accountants, actuaries and other service providers; and the Court further

**ORDERS** that the payment of administrative expenses and fees to Ms. Carmichael, as Independent Fiduciary, her assistants, attorneys, accountants, actuaries and other necessary service providers shall be considered priority administrative expenses of Defendant Plan superior to any other class of expense or obligation.  Ms. Carmichael's second priority shall be the payment of legitimate claims on Defendant Plan by its participants and beneficiaries; and the Court further

**ORDERS** that Ms. Carmichael, as Independent Fiduciary, shall not be held personally responsible for any claims against Defendant Plan or which existed, arose, matured, or vested prior to her appointment as Independent Fiduciary; and the Court further

**ORDERS** that, upon this Court's approval of Ms. Carmichael's anticipated fees and expenses, this matter shall be deemed closed.  However, Ms. Carmichael may apply to the Court for clarification of this Order or enforcement of this Order's terms; and the Court further

**ORDERS** that Ms. Carmichael, as Independent Fiduciary, shall obtain a bond pursuant to ERISA § 412, 29 U.S.C. § 1112.  Since Defendant Plan is the beneficiary of the bond, Defendant Plan may pay for the cost of the bond.  Ms. Carmichael, as Independent Fiduciary, may satisfy this provision by securing coverage for herself under any bond currently in force with respect to Defendant Plan, provided that the bond satisfies ERISA's provisions; and the Court further

**ORDERS** that nothing in this Order shall be construed in derogation of the Court's authority over Ms. Carmichael's actions.

**IT IS SO ORDERED.**

Dated: December 4, 2007
          Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

-10-